UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
BENITO PELAEZ, individually and on behalf of all others similarly situated,

                            Plaintiff,

           -against-

THE SOURCE WATER CORP. d/b/a TWEED'S RESTAURANT AND BUFFALO BAR and EDWIN TUCCIO,

                            Defendants.
---------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Benito Pelaez ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, The Source Water Corp. d/b/a Tweed's Restaurant and Buffalo Bar ("Tweed's") and Edwin Tuccio ("Tuccio") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Defendant Tweed's is a domestic corporation with its principal place of business located at 17 E Main Street, Riverhead, New York 11901.

9. Tweed's operates a steak and seafood restaurant.

10. Defendant Tuccio is an individual residing, upon information and belief, in the State of New York.

11. At all relevant times, Tuccio was, and remains, an officer, director, shareholder, and/or person in control of Tweed's who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

12. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

13. Upon information and belief, at all relevant times, Defendants had the power to discipline and terminate Plaintiff.

14. Upon information and belief, at all relevant times, Defendants were responsible for compensating Plaintiff.

15. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

16. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

17. Defendants operate in interstate commerce.

18. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

19. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

20. The FLSA Collective Plaintiffs consist of no less than five (5) similarly situated current and/or former employees of Defendants who worked as dishwashers, prep cooks, and/or cooks who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages and other pay.

21. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week.

22. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

23. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

24. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

25. Plaintiff worked for Defendants from in or around 2013 until in or around July 2020.

26. From the beginning of his employment until in or around mid-2015, Plaintiff worked as a dishwasher.

27. As a dishwasher, Plaintiff's primary job duties included washing and drying dishes, utensils, and cookware; taking out the garbage; and cleaning the kitchen.

28. From in or around mid-2015 until in or around mid-2019, Plaintiff worked as a prep cook.

29. As a prep cook, Plaintiff's primary job duties included chopping fruits and vegetables, organizing the cooks' work areas, and preparing ingredients for cooking.

30. From mid-2019 until the end of his employment in or around July 2020, Plaintiff worked as a cook.

31. As a cook, Plaintiff's primary job duties included preparing food orders, chopping fruits and vegetables, and washing dishes.

32. From the beginning of his employment until in or around February 2020, Plaintiff regularly worked Tuesdays through Sundays, from approximately 11:00 a.m. until 10:00 p.m., with a daily one (1) hour lunch break, for a total of approximately sixty (60) hours per week.

33. From in or around March 2020 until the end of his employment, Plaintiff regularly worked three (3) varying days per week, from approximately 11:00 a.m. until 10:00 p.m., with a daily one (1) hour lunch break, for a total of approximately thirty (30) hours per week.

34. Throughout his employment, Plaintiff was compensated at a fixed hourly rate for all hours worked, including those over forty (40) per week.

35. From the beginning of his employment until in or around mid-2015, Plaintiff was paid $7.75 per hour for all hours worked.

36. From in or around mid-2015 until in or around December 2017, Plaintiff was paid $12.00 per hour for all hours worked.

37. From in or around January 2018 until in or around mid-2019, Plaintiff was paid $18.00 per hour for all hours worked.

38. From in or around mid-2019 until the end of his employment in or around July 2020, Plaintiff was paid $23.00 per hour for all hours worked.

39. Throughout his employment, Plaintiff was paid in cash with no accompanying paystub.

40. Throughout Plaintiff's employment, Defendants tracked the hours that Plaintiff worked by requiring him to punch in and out on Defendants' timekeeping system.

41. Throughout his employment, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL and was therefore entitled to minimum wages, overtime compensation, and spread of hours pay.

42. However, despite routinely working more than forty (40) hours per week throughout his employment, Plaintiff was not paid overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours he worked over forty (40) per week.

43. In addition, Plaintiff was not paid at least the minimum wage for all hours worked between 2014 and the middle of 2015.

44. Furthermore, Plaintiff frequently worked shifts that spanned more than ten (10) hours per day, but was not paid spread of hours pay of one (1) additional hour's pay at the full minimum wage rate for every day in which his shifts exceeded ten (10) hours ("spread of hours pay").

45. Defendants also failed to furnish to Plaintiff, at the time he was hired or at any time thereafter, a notice containing his rate of pay, the designated payday, or other information required by NYLL § 195(1).

46. In addition, Plaintiff did not receive, with each wage payment, a statement listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

47. Defendants violated federal and state law by willfully failing to pay Plaintiff and similarly situated employees minimum wages, overtime compensation, and spread of hours pay; and by failing to provide Plaintiff with the required payroll notices and wage statements.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS

(Overtime Violations Under the FLSA)

48. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

49. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

50. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

51. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a week.

52. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

53. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of the total wages due to them ("liquidated damages").

54. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid

overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
(Overtime Violations Under the NYLL)

55. Plaintiff repeats and realleges all prior allegations set forth above.

56. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

57. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

58. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a week.

59. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

60. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

61. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Minimum Wage Violations Under the NYLL)

62. Plaintiff repeats and realleges all prior allegations.

63. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to the statutory minimum wages for all of the hours he worked.

64. Between January 1, 2014 and the middle of 2015, Defendants knowingly failed to pay Plaintiff the applicable statutory minimum wage for all of the hours he worked.

65. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

66. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

67. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of his unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Spread of Hours Violations Under the NYLL)

68. Plaintiff repeats and realleges all prior allegations.

69. Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

70. Defendants willfully failed to pay Plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spanned more than ten (10) hours.

71. By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

72. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of his unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Timely Pay Wages under the NYLL)

73. Plaintiff repeats and realleges all prior allegations set forth above.

74. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

75. During the relevant period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

76. During the relevant period, Defendants failed to timely pay Plaintiff all of his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

77. Throughout the relevant period, Defendants failed to timely pay Plaintiff all minimum and overtime wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

78. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

79. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

80. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Provide Payroll Notices Under the NYLL)

81. Plaintiff repeats and realleges all prior allegations.

82. Defendants failed to furnish to Plaintiff, at his time of hire or at any time thereafter, notices containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; his regular pay day designated by the employer; and other information required by NYLL § 195(1).

83. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

84. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Provide Wage Statements Under the NYLL)

85. Plaintiff repeats and realleges all prior allegations.

86. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular and overtime rates of pay and basis thereof;

11

the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

87. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

88. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, liquidated damages; and reasonable attorneys' fees in an amount to be determined by this Court

d) on the Fourth Cause of Action for all spread of hours wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along

h) Interest;

i) Costs and disbursements; and

j) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 8, 2021

*/s/ Nicola Ciliotta*
Nicola Ciliotta
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
nciliotta@katzmelinger.com
*Attorneys for Plaintiff*