# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Benito Pelaez, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Plaintiff"), on the one hand, and The Source Water Corp. d/b/a Tweed's Restaurant and Buffalo Bar (the "Company" or "Tweed's") and Edwin Tuccio ("Mr. Tuccio") (collectively referred to as "Defendants"), on the other hand.

**WHEREAS**, on or about April 8, 2021, Plaintiff commenced an action against Defendants in the United States District Court for the Eastern District of New York, in the action entitled *Benito Pelaez v. The Source Water Corp. d/b/a Tweed's Restaurant and Buffalo Bar and Edwin Tuccio*, under Civil Action No. 2:21-cv-01891-JS-AYS, in which he alleged wage and hour claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law and its supporting regulations/order ("NYLL") (hereinafter referred to as the "Action").

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of the claims asserted in the Action or otherwise;

**WHEREAS**, Plaintiff is represented in this Action by Katz Melinger PLLC ("Plaintiff's Counsel") regarding the claims and the negotiation, review, and execution of this Agreement.

**WHEREAS**, Defendants and Plaintiff (collectively referred to as the "Parties") desire to resolve all disagreements between them, including those asserted in the Action, in an amicable manner without the expense and time of further litigation and without admission of liability or wrongdoing by anyone;

**WHEREAS**, Plaintiff acknowledges and agrees that the Settlement Payment (defined below) is provided as consideration for this Agreement to voluntarily release and waive all wage-and-hour claims, complaints, charges, administrative actions and civil actions of any kind against the Company, which includes, but is not limited to, all Company employees; and

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration**: In full settlement and final satisfaction of any and all FLSA and NYLL wage-and-hour claims that Plaintiff has, had or may have against Defendants, including, but not limited to, the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including but not limited to the release by Plaintiff set forth in Paragraph 4, Defendants shall pay to Plaintiff and Plaintiff's Counsel the total sum of FIFTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($55,000.00) (the "Settlement Amount").

    (a) **Breakdown of Settlement Amounts**: The breakdown of the Settlement Amount to Plaintiff and Plaintiff's Counsel shall be as follows:

| | |
|---|---|
| Benito Pelaez | $36,285.33 |
| Katx Melinger PLLC | $18,714.67 |

The breakdown of settlement amounts in this Paragraph 1(a) represents the gross amount that Plaintiff and Plaintiff's Counsel shall receive from the Settlement Amount. The Settlement Amount shall be paid pursuant to the terms set forth in this Agreement.

      (b)    **Tax Treatment of Settlement Payments:**

          (i)    **Benito Pelaez:**

(1) The Company will issue a check made payable to "Benito Pelaez" in the total gross amount of THIRTEEN THOUSAND ONE HUNDRED FORTY-TWO DOLLARS AND SIXTY-SEVEN CENTS ($13,142.67), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid minimum wages, overtime, and any other wages under the FLSA and NYLL and its supporting regulations. As a condition precedent to issuing this check, Plaintiff shall provide the Company with a fully executed IRS Form W-4 and the Company shall issue Plaintiff an IRS Form W-2 with respect to this payment.

(2) The Company will issue a check made payable to "Benito Pelaez" in the total amount of TWENTY-THREE THOUSAND ONE HUNDRED FORTY-TWO DOLLARS AND SIXTY-SIX CENTS ($23,142.66), representing payment for alleged liquidated damages and penalties under the FLSA and NYLL and its supporting regulations. As a condition precedent to issuing this check, Plaintiff shall provide the Company with a fully executed IRS Form W-9 and the Company shall issue Plaintiff an IRS Form 1099-MISC with respect to this payment.

          (ii)    **Katz Melinger PLLC:**

(1) The Company will issue a check made payable to "Katz Melinger, PLLC" in the total amount of EIGHTEEN THOUSAND SEVEN HUNDRED AND FOURTEEN DOLLARS AND SIXTY-SEVEN CENTS ($18,714.67) representing payment for Plaintiff's attorneys' fees, costs and expenses incurred in this matter, whether those fees and costs were incurred by Katz Melinger PLLC and/or any other law firm or attorney. The Company shall issue both Plaintiff and Katz Melinger PLLC an IRS Form 1099-MISC with respect to this payment.

      (c)    Timing of the Settlement Payment

(i) The payments described in Paragraph 1 of this Agreement shall be due within fourteen (14) days following the Court's order approving the Settlement Agreement and dismissing with prejudice the Action, and only upon Defendants' receipt of executed W-9 Forms from Katz Melinger PLLC and completed W-4 and W-9 Forms from Plaintiff. Defendants shall deliver the Settlement Amount to Plaintiff's Counsel at the address provided in Paragraph 26 of this Agreement.

    2.    **Full Payment**: Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's Counsel in connection with this Agreement. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he has or may claim

to have suffered because of any acts or omissions of Defendants as alleged in the Action or relating to any wage-and-hour claims against Defendants, including but not limited to claims for unpaid wages, spread of hours pay, bonuses, commissions, overtime pay or any other form of remuneration under state and federal law or common law.  Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses as related to Plaintiff's wage-and-hour claims against Defendants.

3. **Default:** Defendants' failure to timely deliver the Settlement Amount pursuant to Paragraph 1 above shall constitute a default ("Default"). Should Defendants Default, then Plaintiff's counsel shall send written notice of the Default ("Notice of Default") to Defendants' Counsel pursuant to the notice provision in Paragraph 26 of this Agreement. Upon receipt of the Notice of Default by Defendants' Counsel, Defendants shall have seven (7) calendar days to cure the Default. Should Defendants fail to timely cure the Default, then Plaintiff may file on ECF a letter notifying the Court of Defendants' Default and request that the Action continue.

4. **Release of Wage and Hour Claims by Plaintiff:**  In exchange for the payments identified in Paragraph 1, and in exchange for the other considerations supporting this Agreement, Plaintiff, on his own behalf and on behalf of his descendants, dependents, heirs, executors, administrators, attorneys', and assigns, fully, finally and forever agrees unconditionally to release and discharge the Defendants and any and all related or affiliated businesses or business entities, their shareholders, executives, managers, officers, agents, directors, supervisors, employees, representatives, and all persons acting in concert with them (collectively, the "Releasees"), from all causes of action arising under the Fair Labor Standards Act, the New York Labor Laws, and/or any federal, state or local wage statute, code, or ordinance concerning wage and hour matters related to or arising from Plaintiff's employment with Defendants, from the beginning of time through the date of this Agreement.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, bonuses, tips and/or gratuities, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, call-in pay, bonuses, expenses, reimbursements and gratuities during Plaintiff's employment with Defendants and any other form of remuneration, compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in the Action.

Plaintiff acknowledges and agrees that while nothing in this Agreement (including the Release of Wage and Hour Claims and Mutual Non-Disparagement sections) precludes him from (i) filing a charge with the National Labor Relations Board, the Equal Employment Opportunity Commission, the Securities and Exchange Commission, or any other federal, state or local agency; (ii) participating in any investigation or proceeding with such an agency; or (iii) providing any documents or information to such an agency, he agrees to waive the right to recover any remuneration as a result of any such administrative activity and he shall not personally recover reinstatement or money from the Releasees. Plaintiff expressly waives the right to recover any such reinstatement or money, for any complaint or charge, including any class or collective action, filed against the Releasees with any federal, state or local board, agency or court. This does not affect any right Plaintiff may have to recover any payment from any government agency for any information provided to that agency regardless of the source, or if entitled to by law."

5. **Limited Release of Claims by Defendants:** In exchange for the considerations supporting this Agreement, Defendants, on their own behalf and on behalf of the Releasees, fully, finally and forever agree unconditionally to release and discharge Plaintiff and his descendants, dependents, heirs, executors, administrators, attorneys', and assigns from all causes of action related to or arising from any claims for back rent Defendants or any of the Releasees have or may have against Plaintiff, from the beginning of time through the date of this Agreement.

6. **Covenant Not to Sue**: Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants and Releasees concerning any matter released under this Agreement. If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorneys' fees, relating to Defendants' enforcement of this Agreement and/or defense of such claims.

7. **Submission to Court for Approval and Purposes of Dismissing the Action with Prejudice**:

The Parties intend for Plaintiff to waive any and all claims related to his wages or compensation he may have against Defendants, including claims under the FLSA, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Letter Motion for Approval of the Settlement Agreement after full execution of this Agreement.

Upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit 1**, which will be submitted to the Court along with the Joint Letter Motion for Approval of the Settlement Agreement.

Court approval and dismissal of the Action is a material condition of this Agreement and the Parties' obligations hereunder. Should the Court decline to approve this Agreement as originally submitted, the Parties shall work in good faith to revise and resubmit the Agreement in a form the Parties believe will be approved by the Court. In the event that the Court ultimately declines to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice, this Agreement shall be null and void, and no payments shall be distributed to Plaintiff's Counsel or to Plaintiff pursuant to Paragraph 1 of the Agreement nor shall the releases in Paragraphs 4 and 5 become effective.

8. **Taxes and Withholding**: Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state, and local taxes, if any, which are required by law to be paid by him with respect to the above payments in Paragraph 1. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above in Paragraph 1, Plaintiff acknowledges and assumes all responsibility for paying those amounts and further agrees to indemnify and hold the Defendants harmless for payment of any additional taxes and any interest and penalties thereon. Notwithstanding the foregoing, the Parties acknowledge and agree that Plaintiff shall bear no responsibility for any failure by Defendants to make any employer contributions to payroll taxes related to the payment reflected in Paragraph 1(b)(i)(1).

9. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **Bona Fide Dispute**: After consultation with their counsel, and in consideration of all the facts and circumstances surrounding his employment with the Company, Plaintiff agrees this Agreement is a settlement of disputed claims. The Parties agree that there are *bona fide* disputes as to whether Plaintiff could prevail on the merits of his claims, and that the amounts being paid to Plaintiff, as set forth in Paragraph 1, are a fair and reasonable resolution to these *bona fide* disputes. Plaintiff stipulates and agrees that the terms of this Agreement represent a reasonable compromise of *bona fide* disputes regarding his entitlement to statutory wages, including minimum wage compensation, liquidated damages, penalties, and any other relief under the FLSA and NYLL.

11. **Mutual Non-Disparagement.** Plaintiff agrees that he will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about Defendants, whether by electronic, written or oral means, to any of the Company's past, present, or future employees, business associates, or any other person or entity (including, but not limited to, the press, or other media). The Company agrees to instruct its current managers not to make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about Plaintiff, whether by electronic, written or oral means, to any current or future employers, or the press, or other media. This Paragraph is not intended to prohibit the Parties from making truthful statements about their experiences litigating this case.

12. **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designees.

13. **No Other Complaints or Charges**: Plaintiff hereby represents that other than this Action, he has no pending actions, administrative charges or complaints, grievances or arbitrations against any of the Releasees.

14. **No Known Claims Against Plaintiff**: Defendants hereby represent that, other than alleged back rent owed, which is subject to the release in Paragraph 5 above, Defendants are unaware of any claims or potential claims that Defendants or any of the Releasees have or may have against Plaintiff.

15. **Severability**: The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

16. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

17. **Jurisdiction**: The Parties expressly agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement.  By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the EDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the EDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the EDNY has been brought in an inconvenient forum.

18. **Assignment of Claims**: Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

19. **Voluntary Agreement**:  Plaintiff represents and agrees that:

(a) He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

(b) He has signed this Agreement freely and voluntarily and without duress;

(c) No promise or representation of any kind or character, other than those contained in this Agreement, have been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(d) He was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

20. **Full and Complete Agreement**: This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter hereof.

21. **Waiver**:  No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

22. **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

23. **Counterparts**:  This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

24. **Headings**:  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

25. **Facsimile/Email**:  An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

26. **Notices**:  All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiff's Counsel, respectively, as follows:

Defendants' Counsel:

>Eli Z. Freedberg, Esq.
>Littler Mendelson, P.C.
>900 Third Avenue, 7th Floor
>New York, New York 10022
>(212) 583-2685
>EFreedberg@littler.com

Plaintiff's Counsel:

>Adam Sackowitz, Esq.
>Katz Melinger PLLC
>370 Lexington Avenue, Suite 1512
>New York, New York 10017
>(212) 460-0047 Ext. 404
>AjSackowitz@KatzMelinger.com

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

27. **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**[SIGNATURES ON THE FOLLOWING PAGE]**

BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT.

**AGREED BY:**

**PLAINTIFF**

Benito Pelaez

By: _[signature]_

Dated: 04-11-22

**DEFENDANTS**

The Source Water Corp. d/b/a Tweed's Restaurant and Buffalo Bar

By: _____

Dated: _____

Edwin Tuccio

By: _____

Dated: _____

BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT.

**AGREED BY:**

**PLAINTIFF**

**Benito Pelaez**

By:_____

Dated:_____

**DEFENDANTS**

**The Source Water Corp. d/b/a Tweed's Restaurant and Buffalo Bar**

By: *[signature]*

Dated: April 11, 2022

**Edwin Tuccio**

By: *[signature]*

Dated: April 11, 2022